**Date Signed:**
**October 11, 2022**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br>Patrick William Baker,<br><br>Debtor. | Case No. 21-00381<br>Chapter 7 (closed) |
| Chris Shin,<br>Plaintiff,<br>v.<br>Patrick William Baker<br>Defendant. | Adv. Pro. No. 21-90016 |

## MEMORANDUM OF DECISION AFTER TRIAL

Plaintiff Chris Shin brought this adversary proceeding contending that the debt owed to her by defendant debtor Patrick Baker is not dischargeable in bankruptcy by virtue of 11 U.S.C. § 523(a)(2). The court

held trial on September 27, 2022. Ryan Hamaguchi appeared on behalf of Ms. Shin and Ed Magauran appeared on behalf of Mr. Baker. I reluctantly find that Ms. Shin has not met her burden and that the debt is dischargeable in bankruptcy.

I.     **Background**

Ms. Shin and Mr. Baker were in a romantic relationship for approximately ten years. The relationship was sometimes stormy but was for the most part intense and loving, particularly when they lived together in Canada as Ms. Shin supported Mr. Baker's recovery from spinal surgery.

During the relationship, Ms. Shin transferred money to Mr. Baker in the following amounts at the following times: (1) $8,022.82 in September 2015; (2) $6,656.00 in April 2016; (3) $11,222.33 in June 2016; and (4) $41,023.51 in August 2016.

Ms. Shin testified that all of these transfers were loans that Mr. Baker promised to repay when he was able, or when he began to receive his military retirement. Mr. Baker testified that about $30,000 of the last transfer was a loan that he promised to begin repaying when he began to

2

receive his military retirement benefits, but that the other transfers were gifts that he never promised to repay.

Ms. Shin further testified that she made these advances in reliance on two promises made by Mr. Baker: (1) a promise to repay the amounts and (2) the promise to remain in a loving, committed relationship with her.

During the spring of 2017, after Mr. Baker moved back to Hawaii, he stopped communicating with Ms. Shin. Ms. Shin repeatedly attempted to contact him through emails, calls and text messages, and she also attempted to reach him through family and friends. Mr. Baker did not respond. Mr. Baker does not deny this or offer a convincing explanation for his behavior. Ms. Shin suspects that Mr. Baker had resumed a long-standing relationship with a woman in Hawaii, but she offered no admissible evidence to confirm this suspicion.

Ms. Shin concluded that Mr. Baker did not want to continue the relationship, and in July of 2017 she told him that the relationship was over.

Ms. Shin sued Mr. Baker for the money in a Canadian court in 2018.

3

The complaint stated that the four transfers were all loans and that Ms. Shin was entitled to recovery under the legal theories of contract, misrepresentation, and unjust enrichment. Ms. Shin obtained a default judgment against Mr. Baker ordering the defendant to pay $88,365.23 with interest. Ms. Shin domesticated her judgment in Hawaii in the beginning of 2020 – also by default judgment – and began collection activities.[1] Mr. Baker made a few attempts to resume the relationship, but Ms. Shin understandably rejected these attempts. He also indicated that he wanted to work out a settlement, but nothing came of this.

Mr. Baker filed for chapter 7 bankruptcy on April 15, 2021. An order of discharge was entered on July 20, 2021.

## II. Applicable Law

11 U.S.C. § 523(a)(2) provides an exception to discharge from any debt for money obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's

---

[1] The parties did not brief or argue whether these default judgments have preclusive effect on any of the issues in this adversary proceeding.

4

financial condition."

In order to prove a debt is non-dischargeable pursuant to section 523(a)(2), the plaintiff must establish five elements by a preponderance of the evidence: (1) misrepresentation, fraudulent omission, or deceptive conduct by debtor, (2) knowledge of the falsity or deceptiveness of his statement or conduct, (3) an intent to deceive, (4) justifiable reliance by creditor on debtor's statement or conduct, and (5) damage to creditor proximately caused by its reliance on debtor's statement or conduct. *Harmon v. Kobrin* (*In re Harmon*), 250 F.3d 1240, 1246 (9th Cir. 2001).

The first element "'[must] encompass statements that falsely purport to depict *current or past facts*. [A debtor's] promise . . . related to [a] future action [which does] not purport to depict current or past facts . . . therefore cannot be defined as a *false representation or a false pretense*.'". *In re Bercier*, 934 F.2d 689, 692 (5th Cir. 1991) (quoting *In re Roeder*, 61 B.R. 179, 191 (Bankr. W. D. Ky. 1986)) (emphasis in original). "A mere promise to be executed in the future is not sufficient to make a debt nondischargeable, even though there is no excuse for the subsequent breach." *In re Barker*, 14

5

B.R. 852, 857 (Bankr. E.D. Tenn. 1981).

But a promise of future action may be a false representation if, at the time it is made, the debtor did not have an intention of performing the promised action. *See, e.g.*, *In re Johnson*, 638 B.R. 782, 794 (Bankr. C.D. Ca. 2022) (Reasoning that a promise to do something necessarily implies the intention to perform; hence, where a promise is made without such intention, there is an implied misrepresentation of fact that satisfies the exception).

### III. Discussion

In order to prevail in this adversary proceeding, Ms. Shin must show, not only that Mr. Baker broke his promises, but also that those promises amounted to fraud, a false representation, or false pretenses. In the context of this case, this means that Ms. Shin has the difficult burden of proving, by a preponderance of the evidence, that Mr. Baker did not intend to carry out his promises of payment and love when he made those promises and she advanced the money. This is a difficult burden because it involves an inquiry into Mr. Baker's subjective state of mind as long seven years ago.

6

I reluctantly find that Ms. Shin has not carried her burden of proof. Mr. Baker behaved badly when he unilaterally and without explanation broke off contact with Ms. Shin. Ms. Shin was understandably hurt and upset by this, and her decision to end the relationship and file suit is understandable. But Ms. Shin did not prove by the requisite quantum of evidence that, when she advanced the money, Mr. Baker already intended to terminate the relationship and ignore his debt to her. *See In re Chrispin*, 2012 WL 3126807 at *11 (Bankr. N.D. Ill. July 31, 2012) (finding that the fact that the debtor emptied a joint bank account was insufficient to show that his prior professions of love and promises of marriage were false when made and solely for the purpose of obtaining the fiancée's money, so as to support fraud-based nondischargeability). Even if all the transfers are treated as loans, the fact that Mr. Baker has not repaid any of them may "constitute[] nothing more than a breach of an oral agreement, which, on this record, does not rise to the level of a fraud, false pretenses, or a misrepresentation because here was no evidence to show that [he] never intended to perform." *See id.* at *12.

7

Based on the entire record, I cannot find it more likely than not that Mr. Baker did not intend to repay Ms. Shin or did not intend to continue their relationship when Ms. Shin advanced the money to him. Because Ms. Shin has not met her burden of demonstrating a false representation or false pretense at the time the transfers were made, the debt is dischargeable.

## IV. Conclusion

For the reasons stated above, Defendant Baker is entitled to a judgment that Plaintiff Shin take nothing by her complaint and that the debt owed to Ms. Shin is dischargeable in his bankruptcy.

**END OF ORDER**